COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-056-CR
  
  
JEROME 
APPLEWHITE                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        A 
jury convicted Appellant Jerome Demarcus Applewhite of murder and assessed his 
punishment at twenty-seven years’ confinement.  In a single point, 
Applewhite challenges the legal sufficiency of the evidence supporting his 
conviction.  We will affirm.
II. Factual 
Background
        Applewhite, 
Aaron Brooks, and Michael McClure were acquaintances. The three men often spent 
time socializing together at Brooks’s apartment in North Dallas.  At some 
point, Applewhite began selling drugs for McClure, and McClure became convinced 
that Applewhite owed him $400.
        On 
the morning of December 24, 2002, Brooks was in his apartment bedroom 
resting.  Applewhite was also at Brooks’s apartment, and soon McClure 
arrived.  From his bedroom, Brooks heard Applewhite and McClure arguing in 
the living room over the $400 McClure demanded from Applewhite.  Brooks 
then heard three gunshots.  He ran into the living room and saw McClure 
lying face down on the floor in front of the fire place, bleeding.  
Applewhite told Brooks that he shot McClure because he felt his life was in 
danger.  Applewhite ran out of the apartment and down a back staircase.
        Brooks 
went outside and noticed McClure’s girlfriend, Rushell Watson, waiting in 
McClure’s car in the apartment parking lot.[2]  
Brooks approached the car and told Watson that Applewhite had shot 
McClure.  Watson could not get out of the car because the car’s alarm 
system had been activated, locking the car doors.  Brooks returned to his 
apartment, retrieved McClure’s keys, and disarmed the alarm.  Watson got 
out of the car, and both she and Brooks called 911.
        When 
police arrived at Brooks’s apartment, McClure was dead.  Police spoke 
with Brooks and with Jerrell Ligon and Alfredo Montgomery, cousins of 
Applewhite, at the Dallas police station.  All three identified Applewhite 
as the most likely suspect in McClure’s murder.
        Later 
that day, a 911 clerk called Kenneth Penrod, a homicide detective with the 
Dallas Police Department, because she had an individual on the line claiming to 
have information regarding McClure’s shooting.  The caller, who 
subsequently identified himself as Applewhite, gave Detective Penrod the address 
where the shooting had occurred and the time that it had happened. Applewhite 
further told Detective Penrod that the person they were looking for, “Jay” 
(the name Applewhite commonly goes by), was the wrong person.  Instead, 
Applewhite said that an individual named Miguel was responsible for the shooting 
and said that Miguel drove a red Cadillac STS.  Applewhite then hung up.
        A 
few minutes later, Applewhite again called 911.  The 911 clerk again 
forwarded the call to Detective Penrod, but this time she remained on the line, 
recording the conversation.  During this conversation, Applewhite said that 
he did what he had to do and admitted shooting McClure.
        Police 
arrested Applewhite, and he made a written statement in which he admitted 
shooting McClure.  Applewhite also showed police where he had hidden the 
gun used in the shooting, a Sturm-Ruger nine millimeter, in a gutter near 
Brooks’s apartment.  Subsequent analysis of the gun and a bullet 
retrieved from McClure’s body during his autopsy showed that the gun had fired 
the bullet.  The medical examiner identified the cause of McClure’s death 
as “lacerations or tearing defects of the brain and right lung due to multiple 
gunshot wounds of the face, head, and back.”
        Applewhite 
pleaded not guilty to the charge of murder.  A jury found Applewhite 
guilty, however, and assessed his punishment at twenty-seven years’ 
confinement.
III. Legal 
Sufficiency of the Evidence
        In 
his sole point, Applewhite argues that the evidence is legally insufficient to 
support his conviction because “it was based on a sloppy and rushed 
investigation by the Dallas Police Department.”  Moreover, “the 
forensics evidence submitted by the State of Texas actually corroborates 
Appellant’s claim that Aaron Brooks murdered the alleged victim.”  The 
State maintains that the evidence adduced at trial is legally sufficient to 
support the jury’s verdict.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight 
and credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000).  Thus, when performing a legal sufficiency review, we may not 
re-evaluate the weight and credibility of the evidence and substitute our 
judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).  We must resolve any inconsistencies in the evidence in favor of 
the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
        A 
person commits the offense of murder if he intentionally or knowingly causes the 
death of an individual.  See Tex. 
Penal Code Ann. § 19.02(b)(1) (Vernon 2003).  The indictment 
alleged that Applewhite “did then and there intentionally or knowingly cause 
the death of an individual, namely: Michael McClure, by shooting Michael McClure 
with a firearm[.]”
        Here, 
the evidence is legally sufficient to support the jury’s verdict finding 
Applewhite guilty of murder.  Applewhite admitted three times that he shot 
McClure: once in his 911-phone conversation with Detective Penrod, once in his 
written statement where he wrote, “I told you I shot Mike [McClure] and told 
you why I did it,” and once to Brooks immediately after the shooting.[3]  Brooks told Watson that Applewhite had shot 
McClure.  Watson testified that she was aware of a problem between 
Applewhite and McClure.  Moreover, Applewhite led detectives to the gun 
used to shoot McClure. A firearms examiner confirmed that the gun found in the 
gutter was in fact the gun used to shoot McClure.
        Thus, 
viewing the evidence in the light most favorable to the verdict, we hold that a 
rational trier of fact could have found the essential elements of murder beyond 
a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. At 
2789.  Accordingly, we overrule Applewhite’s point.
IV. Conclusion
        Having 
overruled Applewhite’s sole point, we affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
 
  
PANEL 
F:   WALKER, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The vehicle actually belonged to McClure’s mother.
3.  
In the recorded telephone conversation between Applewhite and Detective Penrod, 
Applewhite admitted that McClure was not armed.